# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

HENRY WAYNE COLLIER,

    Petitioner,

v.                                                      No. 2:18-cv-02369-MSN-tmp

WARDEN, FCI GILMER,

    Respondent.

## ORDER DENYING PETITION UNDER 28 U.S.C. § 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner, Henry Wayne Collier,[1] applied for habeas corpus relief under 28 U.S.C. § 2241 ("§ 2241 Petition"). (ECF No. 1.) Respondent filed a response in opposition. (ECF No. 9.) For the reasons below, this Court **DENIES** the § 2241 Petition.

## PROCEDURAL HISTORY

**I.    Petitioner's Federal Criminal Case and Collateral Challenges**

On May 8, 2007, and October 2, 2007, Petitioner pled guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of aggravated bank robbery, in violation of 18 U.S.C. § 2113(d), in the United States District Court for the Middle District of North Carolina. *See United States v. Collier*, Case Nos. 1:07-00055-WO-1, 1:07-cr-00119-WO-1, 1:07-cr-00120-WO-1, 1:07-00307-WO-1 (M.D.N.C. 2007). At sentencing, the district court

---

1. Collier is a federal prisoner, Bureau of Prisons ("BOP") register number 06769-058. At the time Collier filed this habeas petition, he was housed at the Federal Correctional Institution ("FCI") in Memphis, Tennessee. The Government is now housing him at the FCI Gilmer in Glenville, West Virginia.

applied the career offender enhancement under U.S.S.G. § 4B1.1 based on three prior qualifying felony convictions. (Case No. 1:07-cr-00119-WO-1, ECF No. 21.) Petitioner was sentenced to 220 months in prison under the advisory sentencing guidelines. (*Id.*, ECF No. 17.)

In 2016, Petitioner filed a motion under 28 U.S.C. § 2255 seeking relief under *Johnson v. United States*, 576 U.S. 591 (2015), which was denied. (ECF No. 18, ECF No. 29.)

## II. Petitioner's § 2241 Petition

Petitioner now petitions *pro se* under § 2241, relying on *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to challenge his career offender enhancement. (Civ. No. 18-2369, ECF No. 1 at PageID 4–5, ECF No. 1-1 at PageID 8–16.) Collier alleges that 18 U.S.C. § 2113(a) is "vague and unconstitutional" under the holding of *Dimaya*. (*Id.* at PageID 5.) The Warden responds that Collier has failed to show that § 2255 is "inadequate or ineffective" for relief or that he is entitled to relief under § 2241. (ECF No. 9 at PageID 33.)

## **STANDARD OF REVIEW**

This Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in

2

the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citations omitted); *see also United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served."); *Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019) ("The rule was simple: § 2255 for attacks on a sentence, § 2241 for other challenges to detention"). In this case, Collier is attacking the imposition of his sentence. Habeas relief is not available to him unless relief under § 2255 is inadequate or ineffective. Collier has the burden of demonstrating that the savings clause applies. *Charles*, 180 F.3d at 756.

"The circumstances in which § 2255 is inadequate and ineffective are narrow[.]" *Peterman*, 249 F.3d at 461. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted). In *Wright*, 939 F.3d at 703, the Sixth Circuit states:

> A federal prisoner who has already filed a § 2255 motion and cannot file another one cannot access § 2241 just because a new Supreme Court case hints his conviction or sentence may be defective. Rather, the prisoner must also show that binding adverse precedent (or some greater obstacle) left him with "no reasonable opportunity" to make his argument any earlier, "either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255[.]" [*In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998)]. Otherwise, § 2255 is simply not inadequate or ineffective to test his claim. And nothing in this court's later precedents gainsays this principle.

3

A prisoner can obtain relief under § 2241 only if he is "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804–05 (6th Cir. 2003); *see also Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). "Actual innocence means factual innocence," not just legal insufficiency. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Until recently, "[c]laims alleging 'actual innocence' of a sentencing enhancement [could not] be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).

In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that inmates can challenge their sentences under § 2241 if they can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice." *Hill*, 836 F.3d at 595. The third requirement is satisfied by

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599–600 (parallel citations omitted).

## ANALYSIS

Petitioner's claim here does not satisfy the *Hill* test and it does not fall under either of the subsets of cases redressable under the savings clause. Collier seeks to raise a constitutional claim rather than a claim of statutory interpretation. He does not contend that his sentence exceeds the

statutory maximum prescribed by statute. Furthermore, the court did not impose the sentence under mandatory sentencing guidelines. The trial court sentenced Petitioner under the *advisory* guidelines. (*See* ECF No. 9 at PageID 33.) The *Hill* court did not extend the savings-clause remedy to defendants sentenced under the advisory guidelines and emphasized that it was only extending the remedy to a "narrow subset" of § 2241 petitions. *See Hill*, 836 F.3d at 599.

The Sixth Circuit has held that non-constitutional challenges to an advisory guidelines range are unavailable on collateral review in the § 2255 context. *Snider v. United States*, 908 F.3d 183, 189–90 (6th Cir. 2018). Other courts have generally agreed that advisory guideline errors cannot be fundamental defects warranting collateral relief. *United States v. Foote*, 784 F.3d 931, 939 (4th Cir. 2015) ("[M]isapplication of the sentencing guidelines does not amount to a miscarriage of justice." (citation omitted)); *Spencer v. United States*, 773 F.3d 1132, 1139–42 (11th Cir. 2014) (en banc); *Hawkins v. United States*, 706 F.3d 820, 822–25 (7th Cir. 2013); *see also Sun Bear v. United States*, 644 F.3d 700, 705–06 (8th Cir. 2011) (en banc) (holding that even mandatory guideline errors are not fundamental defects).

Because Petitioner's claims here do not fall into the narrow subset of claims allowed under *Hill*, he may not use § 2241 to challenge his sentence. The Court therefore **DENIES** Petitioner's § 2241 Petition.

## APPELLATE ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

Habeas petitioners seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first move in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides, however, that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Because Petitioner is not entitled to relief here, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal here would not be taken in good faith. So the Court **DENIES** leave to appeal *in forma pauperis*.[2]

**IT IS SO ORDERED**, this the 16th day of July, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

2. If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or move to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.